[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13003
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-00096-TWT-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTANISLAO HERNANDEZ-CASARRUBIAS,
a.k.a. Estanislao Hernandez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 3, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Estanislao Hernandez-Casarrubias appeals his 41-month sentence for illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Hernandez-Casarrubias argues that his sentence is substantively unreasonable and that the district court should have granted a downward variance.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Pugh,* 515 F.3d 1179, 1190 (11th Cir. 2008). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in [18 U.S.C.] § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160,

2

1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011) (quotation omitted). Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

When sentencing a defendant, a district court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medical care, or correctional treatment; (3) the kinds of sentences available; (4) the sentencing guidelines' range; (5) pertinent Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (7) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

Upon review of the record and consideration of the parties' briefs, we affirm.

Hernandez- Casarrubias argues the district court abused its discretion by

rejecting his request for a variance. Specifically, Hernandez-Casarrubias contends the district court should have rejected the guideline range due to the Sentencing Commission's misguided policy decisions. Although a court may use a policy disagreement to support a variance, *see, e.g.*, *Kimbrough v. United States*, 552 U.S. 85, 102 (2007), Hernandez-Casarrubias provides no authority requiring such a variance. The sentencing court considered Hernandez-Casarrubias's argument and chose to reject it, finding instead that the Sentencing Commission's scheme was appropriate in this case. The district court proceeded to consider all of the § 3553(a) factors, including Hernandez-Casarrubias's criminal history, and imposed a guideline-range sentence. The district court sufficiently justified its chosen sentence. Thus, Hernandez-Casarrubias has failed to demonstrate that his 41-month sentence is unreasonable.

**AFFIRMED.**